IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR RAMOS, | No. 2:24-CV-0946-DAD-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THOMAS TYLER, | |
| Respondent. | |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's motion for an order staying the case and holding further proceedings in abeyance pending exhaustion of his claims in state court.  See ECF No. 10.  Respondent does not oppose a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), but opposes a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  See ECF No. 11.

This action proceeds on the original petition filed on March 27, 2024.  See ECF No. 1.  Petitioner raises one claims, specifically that the evidence was insufficient to warrant a conviction for criminal threats.  See id. at 22-27.  In his motion for a stay-and-abeyance order, Petitioner requests a stay pending exhaustion of claims which are not raised in the original petition.  See ECF No. 10.  In particular, Petitioner now asserts additional claims for ineffective assistance of trial and appellate counsel, fabricated evidence, and actual innocence.  See id.

1

The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted.  See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies.  See Jackson, 425 F.3d at 661; see also King v. Ryan, 564 F.3d 1133 (discussing types of stay-and-abeyance procedures).

Here, the petition on file is fully exhausted and Petitioner seeks a stay-and-abeyance order to exhaust and add additional claims not currently asserted.  Thus, the approach under Kelly governs.  Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims."  Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070).

Respondent does not oppose a Kelly stay, which the Court finds to be appropriate in this case.  The Court will recommend that Petitioner's motion be granted, that this action be stayed, and that Petitioner be required to submit regular reports on the status of state court exhaustion proceedings.

///
///
///
///

Based on the foregoing, the undersigned recommends as follows:

    1. Petitioner's unopposed motion for a stay-and-abeyance order, ECF No. 10, be GRANTED.

    2. This action be STAYED pursuant to Kelly v. Small.

    3. Petitioner be required to submit status reports within 60 days of the District Judge's order adopting these findings and recommendations and every 60 days thereafter until such time as state court exhaustion proceedings are concluded, following which Petitioner shall seek to amend the current petition to add the exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 7, 2024

                                           DENNIS M. COTA  
                                           UNITED STATES MAGISTRATE JUDGE